**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 14-05518 |
| **1385 N. MILWAUKEE BUILDING,** | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | Room 615 |
| | ) | Hearing Date: March 5, 2014 |
| | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF MOTION**

To:    See Attached Service List

    PLEASE TAKE NOTICE THAT on March 5, at 9:30 a.m., we shall appear before the Honorable Janet S. Baer, or any other Judge sitting in his stead in Courtroom No. 615, 219 South Dearborn, Chicago, Illinois, at which time we shall present **AMENDED MOTION FOR USE OF CASH COLLATERAL,** a copy of which is attached hereto and served upon you, and shall pray for the entry of an order in conformity with said pleading, at which time and place you may appear if you so see fit.

                              **1385 N. MILWAUKEE BUILDING,** Debtor


                              By:     /s/ Ariel Weissberg
                                  One of its attorneys

Ariel Weissberg, Esq. (No. 03125591)
Rakesh Khanna, Esq. (No. 06243244)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. 312-663-0004
F. 312-663-1514

1

**CERTIFICATE OF SERVICE**

      I, Ariel Weissberg, certify that on February 26, 2014, I caused to be served **AMENDED MOTION FOR USE OF CASH COLLATERAL** to be filed electronically.  Notice of this filing was sent by the court's ECF electronic transmission to the following parties:

Patrick S Layng, Esq.
Office of the U.S. Trustee
Region 11
219 S Dearborn St Room 873
Chicago, IL 60604

Katie Gleason, Esq.
Office of the U.S. Trustee
219 South Dearborn Street, Room 873
Chicago, IL 60604

and on February 26, 2014 to the following parties by the method so noted below:

Andrew H. Eres, Esq.
Scott Schreiber, Esq.
Stahl, Cowen, Crowley Addis, LLC
55 W. Monroe, Suite 1200
Chicago, IL  60603
**By Email: aeres@stahlcowen.com**
**By Email: sschreiber@stahlcowen.com**
Fax No.: 312-641-0060
*(Attorneys for Urban Partnership Bank)*

Michael L. Gesas, Esq.
Arnstein & Lehr
120 South Riverside Plaza, Suite 1200
Chicago, IL  60606-3910
**By Email: mlgesas@arnstein.com**
Fax No.:  312-876-0288
*(Attorneys for First Commercial Bank)*

Illinois Department of Revenue
Bankruptcy Section
Level 7−425
100 W. Randolph Street
Chicago, IL  60606
**By Fax: 312-814-4045**

District Director

Internal Revenue Service
230 S. Dearborn St.
Room 2890
Chicago, IL  60604
**By Fax:  312-292-4408**

District Counsel
Internal Revenue Service
200 West Adams, Suite 2300
Chicago, IL  60606
**By Fax: 312-368-8713**

Kathryn Keneally
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, DC  20044
By Fax: 202-514-5238

U.S. Attorney
219 S. Dearborn Street
Chicago, IL  60604
**By Fax: 312-353-2067**

Legal Department -- Legal Services Office MC5-500
Illinois Department of Revenue
101 West Jefferson
Springfield, IL  62794
**By Fax: 312-814-6372**

Alpha and Omega Electric
4840 W. Courtland
Chicago, IL  60659
**By Email:  alphaomega@yahoo.com**

AMS Refrigeration
6517 S. Kedzie
Chicago, IL  60629
**By Fax:  773-751-0767**

Chicago Dept. of Water
P.O. Box 6330
Chicago, IL  60680
**By Email:  waterbill@cityofchicago.org**

John the House Doctor
7733 S. New Castle Ave.
Chicago, IL  60659
**By Email: johnhousedoctor@sbcglobal.net**

Jose Pillado Construction
3030 S. Harding
Chicago, IL 60623
**By Email: isaipillado@hotmail.com**

Rick Stanley Plumbing
1855 N. Keeler, 2nd Floor
Chicago, IL  60639
**By Fax:  773-235-0131**

Rose Pest Control
1809 W. North Ave.
Chicago, IL  60622
**By Email: j.iaccino@rosepestcontrol.com**

Underwriters Insurance
325 N. Milwaukee Ave., Suite F
Wheeling, IL  60090
**By Fax: 847-541-6099**


          /s/ Ariel Weissberg
          Ariel Weissberg

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 14-05518** |
| **1385 N. MILWAUKEE BUILDING,** | ) | |
| | ) | **Hon. Janet S. Baer** |
| Debtor. | ) | **Room 615** |
| | ) | **Hearing Date: March 5, 2014** |
| | ) | **Hearing Time: 9:30 a.m.** |

**AMENDED MOTION FOR USE OF CASH COLLATERAL**

NOW COMES Debtor, 1385 N. Milwaukee Building ("1385 Milwaukee"), by its attorneys, Ariel Weissberg, John Wolf and the law firm of Weissberg and Associates, Ltd. and as 1385 Milwaukee's Amended Motion for Use of Cash Collateral, states as follows:

## I.  INTRODUCTION

1. On February 20, 2014, 1385 Milwaukee filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize under Chapter 11 of the Bankruptcy Code. Since then, 1385 Milwaukee has been managing its assets as a debtor-in-possession.

2. 1385 Milwaukee is an Illinois general partnership organized and existing under the laws of the State of Illinois, where it was organized on December 31, 1994. 1385 Milwaukee is engaged in the business of owning and managing 1385-91 North Milwaukee, Chicago, Illinois ("1385 Property"). The 1385 Property is a commercial property of four floors, with two commercial spaces and seven (7) residential units. The commercial tenants are an art gallery (approximately 5,000 square feet) and a restaurant (approximately 2,500 square feet). A recent

5

rent roll is attached hereto and made a part hereof as Exhibit 1. The title to the 1338 Property is owned in a land trust (Chicago Title Land trust 1105084 under trust agreement dated November 11, 1997). The beneficial interests in this land trust are owned by 1385 Milwaukee.

3. 1385 Milwaukee initiated this bankruptcy case to reorganize and 1385 Milwaukee asserts that in the next 90 days, or less, 1385 Milwaukee will file a confirmable Plan of Reorganization and a Disclosure Statement. This Plan will propose to retain ownership of the 1385 Property.

4. The principal creditors of this estate are as follows:

(A) First Commercial Bank ("First Commercial"), holding a first, perfected mortgage and assignment of rents against the 1385 Property to secure an indebtedness of approximately $750,000. Specifically, the First Commercial Bank's indebtedness and collateral arise from the following documents (collectively, "First Commercial Loan Documents"):

(i) Promissory Note dated December 9, 1998 in the principal amount of $925,000.00.

(ii) Mortgage dated December 9, 1998 and recorded against the 1385 Property with the Cook County Recorder of Deeds on December 28, 1998 as Document Number 08177808; and,

(iii) Modification Agreement dated October 7, 2003, and recorded on December 10, 2003 with the Cook County Recorder of Deeds as Document No. 0334442308.

(B) Urban Partnership Bank holding a second, perfected mortgage against the 1385 Property to secure an indebtedness of approximately $2,200,000. Specifically, the Urban Partnership Bank's indebtedness and collateral arise from the following documents (collectively, "UPB Loan Documents"):

(i) Promissory Note for Loan No. 65046 dated January 17, 2006 in the principal amount of $3,000,000.00; and

(ii) Mortgage dated January 26, 2009 and recorded against the 1385 Property with the Cook County Recorder of Deeds on February 27, 2009 as Document Number 0905808031.

5. 1385 Milwaukee has the need to use the proceeds of its rents generated from the 1385 Property, which is encumbered by the first mortgage of First Commercial Bank and the second mortgage of Urban Partnership Bank. These proceeds are "cash collateral."

6. 1385 Milwaukee needs to use these proceeds to pay its ordinary and necessary post-petition operating expenses, and without the use of this cash collateral, 1385 Milwaukee cannot operate or pay its bills, including expenses for the following: insurance, utilities, real estate taxes, maintenance and supplies. These ordinary and necessary expenses equal $5,470.00 per month.

7. Presently, 1385 Milwaukee has no source of funds other than these rent proceeds to pay its operating expenses. 1385 Milwaukee would be severely prejudiced if it could not use the cash collateral.

**II. HIGHLIGHTED PROVISIONS PURSUANT TO LOCAL RULE 4001-2**

8. The proposed form of the order appears to contain a provision of the type specified in 4001-2(A)(2)(b) located in the proposed Order on page four, Paragraph G., which provides specifically as follows:

> Without prejudice to the rights of any other party (but subject to the limitations thereon described below in Paragraph 20), the Debtor acknowledges and stipulates that the Lender's security interests in and liens on the Pre-Petition Collateral were properly perfected and are valid and enforceable first priority liens on and security interests in the Pre-Petition Collateral, subject to the Prior

7

>Permitted Liens (as defined below). The Debtor further acknowledges that its cash constitutes proceeds of the Pre-Petition Collateral and, therefore, is cash collateral of the Lender within the meaning of Bankruptcy Code § 363(a) (collectively, "Cash Collateral").

This provision is a simple acknowledgment and stipulation by the Debtor, without prejudice to the rights of any other parties that First Commercial's security interests in the Pre-Petition Collateral were properly perfected and are valid and enforceable first priority liens on and security interests in the Pre-Petition Collateral, subject to existing liens and the rights of other parties.

This provision is justifiable (if it actually falls within the category of a provision of the type specified in 4001-2(A)(2)(b)) because it is specifically entered "without prejudice to the rights of any other party" and this provision is further limited by the terms "to the extent, validity and priority same existed on the Petition Date" (See proposed Order at page 7, Paragraph 5).

Further, the proposed Order provides creditors with 75 days from the entry of the Order to contest the amount, validity, enforceability, perfection or priority of the Pre-Petition Loan Indebtedness or the Lender's liens on the Pre-Petition Collateral; and provides 60 days from the formation of a creditors committee to assert any claims or causes of action against First Commercial relating to the Pre-Petition Loan Indebtedness on behalf of the Debtor's estate (See proposed Order, page 15, Paragraph 19).

9. The proposed form of the order appears to contain a provision of the type specified in 4001-2(A)(2)(b) located in the proposed Order on page ten, Paragraph 8, which provides specifically as follows:

>Except as set forth in Paragraphs 5 and 6 hereof, the Liens and Replacement Liens shall be prior and senior to all liens and encumbrances (other than Prior Permitted Liens) of all other secured creditors in and to such Collateral granted, or arising, after the Petition Date (including,

> without limitation, liens and security interests, if any, granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtor).  The Liens and Replacement Liens granted pursuant to this Order shall constitute valid and duly perfected security interests and liens, and the Lender shall not be required to file or serve financing statements, notices of lien or similar instruments in respect of the Pre-Petition Loan Indebtedness which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such security interests and liens; and the failure by the Debtor to execute any documentation relating to the Liens or Replacement Liens shall in no way affect the validity, perfection or priority of such Liens or Replacement Liens.  If, however, the Lender at its sole discretion shall determine to file any such financing statements, notices of lien or similar instruments, or to otherwise confirm perfection of such Liens or Replacement Liens, the Debtor is directed to cooperate with and assist in such process, the stay imposed by Bankruptcy Code § 362(a) is hereby lifted to allow the filing and recording of a certified copy of this Order or any such financing statements, notices of lien or similar instruments, and all such documents shall be deemed to have been filed or recorded at the time of and on the date of this Order.

This provision is a simple acknowledgment and stipulation by the Debtor, without prejudice to the rights of any other parties that First Commercial's security interests in the Pre-Petition Collateral were properly perfected and are valid and enforceable first priority liens on and security interests in the Pre-Petition Collateral, subject to existing liens and the rights of other parties.

This provision is justifiable (if it actually falls within the category of a provision of the type specified in 4001-2(A)(2)(b)) because  it is **only** "to the extent, validity and priority same existed on the Petition Date" (See proposed Order at page 7, Paragraph 5).  Further, the proposed Order provides creditors with 75 days from the entry of the Order to contest the amount, validity, enforceability, perfection or priority of the Pre-Petition Loan Indebtedness or the Lender's liens on the Pre-Petition Collateral; and provides 60 days from the formation of a

creditors committee to assert any claims or causes of action against First Commercial relating to the Pre-Petition Loan Indebtedness on behalf of the Debtor's estate (See proposed Order, page 15, Paragraph 19).

10. The proposed form of the order contains a provision of the type specified in 4001-2(A)(2)(c) located in the proposed Order on page seven, Paragraph 4, which provides specifically as follows:

> The Post-Petition Diminution shall constitute claims (the "Superpriority Claims") with priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including, without limitation, Bankruptcy Code §§ 105, 326, 328, 330, 331, 503(b), 507(a), 507(b) and 726, and shall at all times be senior to the rights of the Debtor, and any successor trustee or any creditor in this Chapter 11 Case or any subsequent proceedings under the Bankruptcy Code, but subject to the rights described below in Paragraph 20. Subject to the rights described below in Paragraph 20, no cost or expense of administration under Bankruptcy Code §§ 105, 364(c)(1), 503(b), 507(b) or otherwise, including those resulting from the conversion of this Chapter 11 Case pursuant to Bankruptcy Code § 1112, shall be senior to, or *pari passu* with, the Superpriority Claims of the Lender arising out of the Post-Petition Diminution.

This provision provides First Commercial with "superpriorty" to the value of any decrease or diminution in its secured collateral caused by the use of cash collateral, but only to the extent that the diminution was the actual value of the cash collateral used.

This provision is justifiable because the value of the underlying real estate is more than adequate to secure any costs incurred by a Trustee pursuant to §506(c). The waiver of rights for the estate is limited to the diminution of the value of the estate by the use of cash collateral only, and this provides adequate security to First Commercial.

11. The proposed form of the order contains a provision of the type specified in 4001-2(A)(2)(e) located in the proposed Order on page seven, paragraph 3, which provides specifically as follows:

10

During the term of this Order, the terms of the Pre-Petition Agreements shall continue in full force and effect.

This provision allows for the Debtor to make additional adequate protection payments to First Commercial in the amount of $9,690.00 – however, such payments are provisional and subject to a determination to their application to First Commercial's claim by the Court.

This provision is justifiable because the Pre-Petition Agreements remain in effect only during the term of the proposed Order, subject to revision and without prejudice to any creditor's rights to seek immediate vacature of the proposed Order.

### III.  THE COURT SHOULD GRANT 1385 MILWAUKEE THE RIGHT TO USE CASH COLLATERAL

12. Appended hereto as Exhibit 2, is a monthly operating budget for 1385 Milwaukee ("Budget."). The Budget sets forth the uses of 1385 Milwaukee's rents, totaling approximately $18,850.00 per month, which 1385 Milwaukee must use on an interim basis, pending a final hearing on 1385 Milwaukee's use of cash collateral after notice to all creditors pursuant to FRBP 2002; and, on a continuing monthly basis pursuant to the entry of an order approving 1385 Milwaukee's use of cash collateral on a final basis.

13. 1385 Milwaukee stipulates that the First Commercial Bank is entitled to certain protections for the use of this cash collateral, including but not limited to the following:

> A. 1385 Milwaukee is willing to pay monthly adequate protection payments in the amount of $9,690.00, which shall be applied to the outstanding interest, principal and expenses due to the First Commercial Bank, and $1/12^{th}$ of the estimated annual real estate taxes for the 1385 Property;
>
> B. The right to inspect the 1331 Property and upon 24 hours prior written

                          Document    Page 12 of 13

notice to 1385 Milwaukee; and

    C.    An administrative priority claim in accordance with Section 507(b) of the Bankruptcy Code to the extent that "adequate protection" provided to the Milwaukee pursuant to this Motion proves inadequate to protect the Milwaukee's interest in the cash collateral.

14.     The foregoing adequate protection is sufficient to protect the interests of the First Commercial Bank and satisfies the requirements of Sections 361 and 362 of the Bankruptcy Code, among other reasons, because 1385 Milwaukee is currently operating profitably, and the value of the 1385 Property is not declining.   1385 Milwaukee projects that its revenues will remain at least constant, and that its expenses will not increase.

15.     This court has jurisdiction over this case pursuant to 28 U.S.C.  Section 1334(a) and this is a "core matter" pursuant to 28 U.S.C. Section 157(b)(2)(M).

16.     In light of the foregoing, this Court should grant 1385 Milwaukee the use of the proceeds from 1385 Milwaukee's rents on an interim basis pursuant to the Budget; and, after notice to all creditors, at a final hearing to be set by the court, the use of cash collateral pursuant to the aggregate of the Budget.   Also, this Court should grant the adequate protection set forth in paragraph 9 of this Motion pursuant to 11 U.S.C. Sections 361 and 362.

WHEREFORE, the Debtor, 1385 N. Milwaukee Building, prays that this court enter an order allowing 1385 N. Milwaukee Building the interim use of its cash collateral subject to a final hearing; that this court allow 1385 N. Milwaukee Building to provide the First Commercial Bank the "adequate protection" provided in paragraph 9 above; that this court set a final hearing for 1385 N. Milwaukee Building use of cash collateral; and for such other and further relief as this Court deems just and proper.

Dated:  February 26, 2014 **1385 N. MILWAUKEE BUILDING**, Debtor


By**:**     /s/ Ariel Weissberg
  One of its attorneys


Ariel Weissberg, Esq.  (No.  03125591)
Rakesh Khanna, Esq. (No. 06243244)
John B. Wolf, Esq. (No. 6287700)
Weissberg and Associates, Ltd.
401 S.  LaSalle St., Suite 403
Chicago, IL  60605
T.  312-663-0004
F.  312-663-1514